IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 12-cv-01171-RBJ

---

KANSAS WHEAT ALLIANCE, INC. and
KANSAS STATE UNIVERSITY RESEARCH
FOUNDATION,

      Plaintiffs,

v.

THUNDERBIRD SEED CONDITIONING LLC,
THUNDERBIRD COMMODITIES LLC, and
JOHN DOES 1-50,

      Defendants;

_____

**DEFENDANTS THUNDERBIRD SEED CONDITIONING, LLC AND THUNDERBIRD COMMODITIES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)**
_____

Defendants Thunderbird Seed Conditioning, LLC and Thunderbird Commodities LLC (collectively the "Thunderbird Defendants"), by and through their attorneys, Burns, Figa & Will, P.C., submit their Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c), and state as follows:

    **I.**    **Introduction**

    1.    Plaintiffs Kansas Wheat Alliance, Inc. and Kansas State University Research Foundation (collectively "Plaintiffs"), in their Complaint, have failed to state a claim sufficient to satisfy Fed. R. Civ. P. 8(a)(2), as described by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007) and its progeny. Plaintiffs' Complaint rests almost entirely on legal conclusions and lacks sufficient factual matter, if accepted as true, to state a claim for relief that is plausible on its face. *Twombly* and its progeny direct trial courts to disregard bare recitals of a cause of action's elements and allegations supported by mere conclusory statements when evaluating the sufficiency of a Complaint. In considering Plaintiffs' remaining allegations, Plaintiffs have not stated plausible claims against Defendants Thunderbird Seed Conditioning, LLC, Thunderbird Commodities LLC, and John Does 1 – 50, and this Court should enter judgment on the pleadings in favor of the Defendants under Fed. R. Civ. P. 12(c).

## II.   Legal Standard Under Fed. R. Civ. P. 12(c)

2. A court may hear a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) at any time after the pleadings are closed, provided that a hearing of the motion will not result in the delay of trial. Fed. R. Civ. P. 12(c); *S.E.C. v. Wolfson*, 539 F.3d 1249, 1264 (10th Cir. 2008).

3. A Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) can be used as a vehicle for raising a defense for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(h)(2); Fed. Prac. & Proc. Civ., § 1367 Judgment on the Pleadings—In General, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.). Where a motion under Fed. R. Civ. P. 12(c) is used to raise a defense for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the movant must have asserted such defense in its responsive pleading. *See* Fed. R. Civ. P. 12(b).

4. Where a party files a Rule 12(c) motion, based on a defense for failure to state a claim under Fed. R. Civ. P. 12(b)(6), courts apply the same standards for granting appropriate relief or denying the motion as they would have employed had the motion been brought prior to the defendant's answer under Fed. R. Civ. P. 12(b)(6). *See e.g., Ramirez v. Dept. of Corrections*,

2

222 F.3d 1238, 1240 (10th Cir. 2000); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). The mere fact that a failure to state a claim is raised in the guise of a Rule 12(c) motion does not affect the manner by which a Court determines what is essentially a Rule 12(b)(6) matter. Fed. Prac. & Proc. Civ., § 1367 Judgment on the Pleadings—In General, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.).

### III.    Pleading Requirements under Fed. R. Civ. P. 8(a)(2)

5.      A motion under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a pleading under Fed. R. Civ. P. 8(a)(2). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6.      The Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) that Fed. R. Civ. P. 8(a)(2) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and explained "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."

7.      To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

8.      Courts use a two-pronged approach in determining whether a Complaint satisfies Fed. R. Civ. P. 8(a)(2). *Iqbal*, 556 U.S. at 679. First, courts identify which allegations of fact in

a complaint are entitled to the assumption of truth. *Id.* As explained by *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), in determining which allegations to accept as true, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific allegations to support each claim." Second, in considering the allegations, properly taken as true, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). However, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* Thus, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming*, 656 F.3d at 1214.

**IV. Application**

**A. Plaintiffs Have Failed to State a Claim Against the Thunderbird Defendants**

9. As a threshold matter, the Thunderbird Defendants preserved their right to raise their defense of failure to state a claim under the guise of a Rule 12(c) motion by first raising the defense in their Answer. (Def.'s Answer 7-8, June 6, 2012, ECF Doc. 8.)

10. The "facts" alleged in Plaintiffs' Complaint are, by and large, not entitled to an assumption of truth because they are legal conclusions and mere formulaic recitations of the elements of a claim under the Plant Variety Protection Act. The entirety of Plaintiffs' allegations

4

of acts giving rise to claims against the Thunderbird Defendants, as stated by Plaintiffs' Complaint, My 7, 2012, ECF Doc. 1, is reproduced as follows:

- **Paragraph 5**—"Defendant Thunderbird Seed Conditioning LLC is a custom seed conditioning business and seed retailer with its principal place of business located in or around Towner, Colorado. It also operates a mobile seed conditioning business that travels to surrounding states to provide seed conditioning services to wheat producers. Monte L. Stum is listed as its registered agent and may be served with process at 322 Hwy. 96, Sheridan Lake, CO 81071. It is alleged to have infringed the intellectual property rights of Plaintiffs."[1]

- **Paragraph 6**—"Defendant Thunderbird Commodities LLC is, on information and belief, a custom seed conditioning business and seed retailer with its principal place of business located in or around Towner, Colorado. It was formally named Thunderbird Seed conditioning LLC #2, until it changed its name on April 9, 2012. It shares the same mailing address as Thunderbird Seed Conditioning LLC. Monte L. Stum is listed as its registered agent and may be served with process at 76475 Road J, Towner, CO 81071. It is alleged to have infringed the intellectual property rights of Plaintiffs. On information and belief, Thunderbird Seed Conditioning LLC and Thunderbird Commodities LLC are so intertwined that their corporate distinctiveness should be disregarded, and they are herein referred to collectively as 'Thunderbird.'"

---

[1] For purposes of context, conditioning seed essentially means cleaning the chaff or foreign debris from seed.

- **Paragraph 16—**"On information and belief, Thunderbird conditioned one or more of KWA's federally protected varieties not otherwise eligible for exception under § 2543."

- **Paragraph 17—**"On information and belief, Thunderbird conditioned one or more of KWA's federally protected varieties in quantities far in excess of what would otherwise be eligible for exception under § 2543."

- **Paragraph 18—**"On information and belief, Thunderbird conditioned one or more of KWA's federally protected varieties with specific knowledge that such quantities were far in excess of what would otherwise be eligible for exception under § 2543."

- **Paragraph 19—**"Thunderbird conditioned one or more of KWA's federally protected varieties with specific knowledge that such wheat was the product of an illegal farmer-to-farmer transaction pursuant to § 2541 and in so doing was complicit and necessary to the illegal farmer-to-farmer brown bag transaction."

- **Paragraph 20—**"At no time was Thunderbird authorized to condition KWA's federally protected wheat grain for reproductive purposes as described above."

- **Paragraph 21—**"At all times relevant to the complaints herein, Plaintiffs only authorized sales of Fuller variety with written notice containing statutorily designated language signifying that the seed was protected under the PVP, that unauthorized propagation or multiplication of the seed was prohibited, and that the use of the seed by the purchaser was authorized only for purposes of growing a commercial crop of grain. Plaintiffs required such notice on all bags for purposes of growing a commercial crop of grain. Plaintiffs required such notice on all bags of wheat they sold and on notices accompanying all bulk sales of their wheat seed. In addition,

6

> Plaintiffs also placed PVP notices on their marketing and promotional materials for their protected wheat varieties."[2]

- **Paragraph 22**—"On information and belief, Thunderbird conditioned a substantial quantity of KWA's federally protected wheat grain for purposes over the past several years. Thunderbird's unrestricted use and conditioning of the protected wheat placed Plaintiffs at great risk of harm since each bushel of seed conditioned by Thunderbird can be planted, harvested, and replanted to produce over four million fifty-pound bags of seed in just five generations."

- **Paragraph 23**—"Thunderbird's conditioning of the federally protected wheat seed is a critical step for replanting. Thunderbird placed the reputation of the protected variety at risk since it was conditioned without the rigorous production standards employed by Plaintiffs and without the certification by a governmental or private entity, which is required for Fuller PVP protected seed for sale as seed."

- **Paragraph 24**—"Thunderbird is deemed under § 2543 of the PVPA to have had notice that his acts in diverting the grain from normal grain use to use as seed for reproductive purposes constituted an infringement of Plaintiffs' rights under the PVPA."

- **Paragraph 25**—"On information and belief, Thunderbird knew that the majority of wheat seed sold legitimately in Colorado and surrounding states was subject to PVP

---

[2] Paragraph 21 makes no reference to any Defendant, but may be considered along with other paragraphs in Plaintiffs' Complaint that allege that the Thunderbird Defendants had specific knowledge as to the legal status of the Fuller variety, and is included here for this purpose.

7

protection, and Thunderbird had ready access to information as to the PVP status of KWA's federally protected wheat varieties."

- **Paragraph 26—**"On information and belief, Thunderbird knew KWA's wheat varieties were federally protected by law yet willfully disregarded the law and conditioned and dispensed one or more of KWA's federally protected wheat varieties without restriction."
- **Paragraph 27—**"On information and belief, the John Doe Defendants engaged in unlawful activity with farmer-to-farmer transfers of KWA's federally protected wheat varieties, and did so with the assistance of Thunderbird."
- **Paragraph 29—**"Without authorization from Plaintiffs, Thunderbird conditioned KWA's federally protected wheat varieties for reproductive purposes in violation of the PVPA.
- **Paragraph 30—**"Without authorization from Plaintiffs, Thunderbird facilitated or assisted in the sale of KWA's federally protected wheat varieties which were diverted from normal grain channels for sale for reproductive purposes."
- **Paragraph 31—**"Defendants' actions constitute an infringement of Plaintiffs' rights under § 2541 of the PVPA for which all Defendants, including Defendants John Doe, are accountable in damages."
- **Paragraph 36—**"Thunderbird knew or recklessly disregarded the fact that by conditioning illegal seed for reproductive purposes he [sic] was infringing KWA's federal intellectual property rights."

- **Paragraph 37**—"Thunderbird knowingly and intentionally caused substantial damage to Plaintiffs and recklessly placed Plaintiffs at substantial risk of further misuse of their seed by placing the seed in commerce without notice of its protected status.
- **Paragraph 38**—"As a result of Thunderbird's actions, Plaintiffs have incurred substantial damages, attorney's fees, and costs and will in the future incur additional costs and damages."
- **Paragraph 39**—"Thunderbird's actions constitute an exceptional case for which the award of attorney's fees and costs are recoverable pursuant to § 2565 of the PVPA."

11. The Court in *Iqbal* held allegations similar to those pled by Plaintiffs did not satisfy Rule 8(a)(2). In *Iqbal*, the Court explained, "We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.' The complaint alleges that Ashcroft was the 'principal architect' of this invidious policy, and that Mueller was 'instrumental' in adopting and executing it. These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim, namely, that petitioners adopted a policy 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group. As such, the allegations are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81.

12. As the Court in *Iqbal* held, after a trial court makes a preliminary determination of which allegations stated in a complaint are entitled to be assumed as true, the trial court

9

considers properly pled allegations to determine if they plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 681.  Determining whether those factual allegations, taken as true, state a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (emphasis added).

    13.    Plaintiffs' only set of allegations in its claims against the Thunderbird Defendants that are more than conclusory statements, as described by *Iqbal*, relate to the availability of information concerning the protected status of the Fuller variety, based on Plaintiffs' labeling and notices in Plaintiffs' marketing and promotional materials, which could have allowed the Thunderbird Defendants to determine the PVPA status of Plaintiffs' wheat.  Such allegations are detailed in Paragraphs 21 – 25 of Plaintiffs' Complaint; however, allegations of notice of the PVPA status alone are insufficient to support a claim under the PVPA and Plaintiffs' Complaint is otherwise deficient.

    14.    Apart from allegations relating to the Thunderbird Defendant's notice of the status of the Fuller variety, Plaintiffs' Complaint, in Paragraphs 5 – 6, 16 – 27, 29 – 31, and 36 – 39, does not reference a single incident, act, or predicate fact that gives rise to its conclusory allegations against the Thunderbird Defendants.  Plaintiffs' Complaint does not identify which variety or varieties of protected wheat that the Thunderbird Defendants allegedly improperly conditioned.  Plaintiffs' Complaint does not state where or how much protected wheat the Thunderbird Defendants allegedly improperly conditioned.  Plaintiffs' Complaint does not identify a single individual who benefitted from allegedly improper conditioning.  Plaintiffs' Complaint does not state any specific times, other than "over the past several years" during

which the Thunderbird Defendants allegedly improperly conditioned protected wheat.  Plaintiffs' Complaint does not cite a single incident where the Thunderbird Defendants engaged in an unlawful farmer-to-farmer transfer.

15.     Rather, Plaintiffs make bare assertions that amount to nothing more than a formulaic recitation of the elements of a claim under the Plant Variety Protection Act, a conclusory presumption that the Thunderbird Defendants have no statutorily defined defense, and a claim that such acts are exceptional and warrant payment of attorneys' fees and costs. Such does not satisfy Rule 8(a)(2).  Based on the standard articulated by *Iqbal* and *Twombly*, this Court may not take any of the remaining allegations stated in Paragraphs 5 – 6, 16 – 27, 29 – 31, and 36 – 39 as true.

16.     Moreover, Plaintiffs' allegations based "On information and belief," "must still be buttressed by sufficient factual detail to suggest that a plausible claim exists."  *Berkowitz v. Metwest Inc.*, 2010 WL 5395777, at *3 n. 6 (D. Colo. Dec. 23, 2010) (holding *Twombly* applies in the Tenth Circuit to allegations based "on information and belief"); *see also Smith v. Arguello*, 2010 WL 1781937, at *3 (D. Colo. May 4, 2010).  Paragraphs 6, 16, 17, 18, 22, 25, 26, and 27 of Plaintiffs' Complaint are alleged "on the basis of information and belief," and offer nothing to support the legal conclusions contained therein. They are subject to the standard set forth by *Twombly* and its progeny, and cannot be taken as true by this Court in determining whether Plaintiffs' Complaint satisfies Rule 8(a)(2).  Although pleading allegations based on "information and belief" may provide some protection from sanctions under Fed. R. Civ. P. 11(c), *see Rotella v. Wood*, 528 U.S. 549, 560 (2000), pleadings "on the basis of information and belief" are still subject to *Twombly* and its progeny.

11

17. The remainder of Plaintiffs' Complaint does not establish a plausible claim against the Thunderbird Defendants either. Taken as true, the remaining allegations in Plaintiffs' Complaint, allege that Plaintiffs are entitled to enforce rights granted under the Plant Variety Protection Act for the Fuller hard red winter wheat variety and have complied with various statutory requirements related to securing such rights. (Pls' Compl. ¶¶ 8 - 10, May 7, 2012, ECF Doc. 1). Plaintiffs go on to detail, in generic terms, various rights conferred by the Plant Variety Protection Act, statutorily determined limitations for seed producers, conditioners, and growers, and remedies available in the case of infringement of rights under the Plant Variety Protection Act. (Pls' Compl. ¶¶ 12 – 15, May 7, 2012, ECF Doc. 1). Plaintiffs allege that, at all relevant times, they only authorized sales of the Fuller variety with statutorily designated language that informed others that the seed was protected under the Plant Variety Protection Act and various limitations applied to use of the seed. (Pls' Compl. ¶ 21, May 7, 2012, ECF Doc. 1). Lastly, Plaintiffs allege that they are entitled to damages and injunctive relief. (Pls' Compl. ¶¶ 32, 34, May 7, 2012, ECF Doc. 1).

18. Taken as true, the allegations in Paragraph 8 – 10, 12 – 15, 21, 32, and 34 establish Plaintiffs' right to enforce protections under the Plant Variety Protection Act relating to the Fuller variety through an award of monetary and injunctive relief. However, a right of enforcement under the Plant Variety Protection Act does not give rise to a claim for relief where there are no properly pled allegations that show any defendant has infringed on such rights. Because Plaintiffs' Complaint does not state any plausible claims against the Thunderbird Defendants, this Court should dismiss all claims.

### B. Plaintiffs Have Failed to State a Claim Against John Does 1 – 50

19. Plaintiffs' failure to state allegations against Defendants John Does 1 – 50 sufficient to satisfy Rule 8(a)(2) is even more egregious. The entirety of Plaintiffs' allegations of acts giving rise to claims against John Does 1 – 50, as stated by Plaintiffs' Complaint, May 7, 2012, ECF Doc. 1, is reproduced as follows:

- **Paragraph 7**—"Defendant John Does 1 – 50 are producers who have used Thunderbird as an essential component in the unauthorized use of Plaintiffs' PVPA protected wheat. On information and belief, most John Doe defendants reside within Colorado or Kansas."

- **Paragraph 27**—"On information and belief, the John Doe Defendants engaged in unlawful activity with farmer-to-farmer transfers of KWA's federally protected wheat varieties, and did so with the assistance of Thunderbird."

- **Paragraph 31**—"Defendants' actions constitute an infringement of Plaintiffs' rights under § 2541 of the PVPA for which all Defendants, including Defendants John Doe, are accountable in damages."

20. The pleadings standards, as set forth by *Twombly* and its progeny, apply with equal force in claims filed against John Doe defendants. In *Archuleta v. Correctional Healthcare Management, Inc.*, 2009 WL 1292838 at *3 (D. Colo. May 8, 2009), the court imposed *Twombly*'s pleading requirements where a complainant alleged that unnamed defendants violated his constitutional rights, and dismissed claims against unnamed defendants where the Complaint failed to state any facts in support of conclusory assertions. Moreover, Plaintiffs cannot proceed with their claims against Defendants John Does 1 – 50, or against the Thunderbird Defendants for that matter, on the presumption that discovery will lead to

13

information sufficient to support Plaintiffs' claims or determine the identity of presently unknown parties.  In *Roth v. Wilder*, 420 Fed.Appx. 804, 805 (10th Cir. 2011), the Tenth Circuit said, "As the Supreme Court made clear in *Twombly*, however, Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance some facts might exist which could support a plausible claim."  Similarly, in *Alley v. Aurora Loan Services LLC*, 2011 WL 3799035 at *6 n. 6 (D.Colo. July 21, 2011), the District Court rejected Plaintiff's argument that Defendant's Fed. R. Civ. P. 12(b)(6) motion should be denied where Plaintiff was prepared to prove her claims at trial after complete discovery, and held, "That argument is unavailing as the Supreme Court has held that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

21.    The applicability of *Twombly*'s pleading standards to John Doe defendants is consistent with federal practice in naming John Doe defendants.  John Doe defendants, while sometimes permitted, are disfavored in federal practice.  *See e.g. Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *Cimino v. Gomez*, 1995 WL 55319, at *3 (N.D. Cal. Feb. 7, 1995).  Where courts do allow John Doe defendants, "[t]he Federal Rules of Civil Procedure, however, impose a practical limitation on this practice: pleadings must be sufficiently detailed so as to provide notice to opposing parties of the claims against them." *Hastings v. Fidelity Mortg. Decisions Corp.*, 984 F.Supp. 600, 605 (N.D.Ill. 1997).  Claims against John Does are proper where such defendants are *real, but unidentified* persons who are, except for their name, identified in the pleadings with particularity.  *See e.g., Cimino v. Gomez*, 1995 WL 55319, at * 4 (N.D.Cal. Feb. 7, 1995) (holding that failure to describe the specific acts of John Doe defendants warranted dismissal of claims against such John Does); *Dean v. Barber*,

14

951 F.2d 1210, 1215-16 (11th Cir. 1992) (holding that describing a particular individual, such as "Chief Deputy of the Jefferson County Jail," rather than by name was permissible); *Barreto v. County of Suffolk*, 762 F.Supp.2d 482, 487-88 (E.D.N.Y. 2010) (holding that describing John Doe defendants by the specific post that they were assigned to, as well as their presence at a specified time and place was sufficient; and *Malibu Media, LLC v. John Does 1 – 23*, 2012 WL 1144822, at * 1 – 2 (Dist. Colo. April 4, 2012) (holding that describing John Doe defendants by a *specific and unique* internet protocol address was sufficient).

22.  Here, Plaintiffs' Complaint fails to provide any specific identifying information that implicates particular individuals that correspond to Plaintiffs' John Does 1 – 50. Plaintiffs' Complaint gives no indication that John Does 1 – 50 are even real. Rather, Plaintiffs' inclusion of John Does 1 – 50 is an attempt to initiate discovery to manufacture claims that have not been properly pled under Fed. R. Civ. P. 8(a)(2). The Tenth Circuit has held that an inadequately pled complaint may not serve as a basis for initiating discovery to determine facts sufficient to satisfy Rule 8(a)(2). *Roth v. Wilder*, 420 Fed.Appx. 804, 805 (10th Cir. 2011); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Accordingly, the pleading standard of Fed. R. Civ. P. 8(a)(2), as interpreted by *Twombly* and its progeny, applies with equal force to Plaintiffs' allegations against Defendants John Does 1 -50.

23.  Taken together, the allegations against Defendants John Does 1 – 50 in Paragraphs 7, 27, and 31 of Plaintiffs' Complaint, make conclusory allegations that John Does 1 – 50 are producers who have used the Thunderbird Defendants to infringe on Plaintiffs' rights, and as a result are liable for damages. Plaintiffs' Complaint does not allege a single act, incident, or predicate fact in support of Plaintiffs' allegations against John Does 1 – 50. Such does not satisfy Rule 8(a)(2), and this Court may not consider the allegations in Paragraphs 7, 27, and 31

in determining whether Plaintiffs have adequately pled claims against Defendants John Does 1 – 50.

24.     Plaintiffs' remaining allegations, which may be considered as true by this Court, with respect to Plaintiffs' claims against John Does 1 – 50 do not establish plausible claims against John Does 1 – 50.  As detailed above, the remaining allegations in Paragraph 8 – 10, 12 – 15, 21, 32, and 34 of Plaintiffs' Complaint merely speak to Plaintiffs' right to enforce protections under the Plant Variety Protection Act relating to the Fuller variety through an award of monetary and injunctive relief.  However, as with the allegations against the Thunderbird Defendants, a right of enforcement under the Plant Variety Protection Act does not give rise to a claim for relief where there are no properly pled allegations that show any defendant has infringed on such rights. Because Plaintiffs' Complaint does not state plausible claims against Defendants John Does 1 – 50, this Court should dismiss all claims against John Does 1 – 50.

**V.     Conclusion**

25.     Plaintiffs' Complaint has not stated  a claim upon which relief can be granted. Plaintiffs' principal allegations against the Thunderbird Defendants and John Does 1 – 50 are bare assertions and conclusory allegations that this Court cannot consider as true in determining the sufficiency of Plaintiffs' Complaint.  Plaintiffs' remaining allegations do not state plausible claims against any Defendant in this case, and is especially deficient with respect to Defendants John Does 1 – 50.  This Court should grant the Thunderbird Defendants' Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c), and dismiss all of Plaintiffs' claims with prejudice.

pg 17 of 18

Dated this 25th day of September, 2012.

       *S/ Raul Chacon, Jr.*
Herrick K. Lidstone, Jr.
Dana L. Eismeier
Raul Chacon, Jr.
Burns, Figa & Will, P.C.
6400 S. Fiddler's Green Circle
Suite 1000
Greenwood Village, CO 80111
Phone: 303-796-2626
Fax:    303-796-2777
E-mails:   hklidstone@bfwlaw.com
                deismeier@bfwlaw.com
                rchacon@bfwlaw.com

**Attorneys for Defendants
Thunderbird Seed Conditioning, LLC,
And Thunderbird Commodities LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of September, 2012, I electronically filed the foregoing **DEFENDANTS THUNDERBIRD SEED CONDITIONING, LLC AND THUNDERBIRD COMMODITIES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses and/or I have deposited a true and correct copy of same in the U.S. Mail, addressed as follows:

Darin J. Lang
Hall & Evans LLC
1125 Seventeenth Street, Suite 600
Denver, CO  80202
langd@hallevans.com
Attorneys for Plaintiffs Kansas Wheat
Alliance, Inc. and Kansas State University
Research Foundation


Mark Murphey Henry
Adam L. Hopkins
Henry Law Firm
P.O. Box 8850
Fayetteville, AR  72703
mark@henrylawfirm.net
adam@henrylawfirm.net
Attorneys for Plaintiffs Kansas Wheat
Alliance, Inc. and Kansas State University
Research Foundation

      *S/ Raul Chacon, Jr.*
      Herrick K. Lidstone, Jr.
      Dana L. Eismeier
      Raul Chacon, Jr.
      Burns, Figa & Will, P.C.
      6400 S. Fiddler's Green Circle
      Suite 1000
      Greenwood Village, CO 80111
      Phone: 303-796-2626
      Fax:     303-796-2777
      E-mails:      hklidstone@bfwlaw.com
                      deismeier@bfwlaw.com
                      rchacon@bfwlaw.com