IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01171-MEH

KANSAS WHEAT ALLIANCE, INC., and
KANSAS STATE UNIVERSITY RESEARCH FOUNDATION,

    Plaintiffs,

v.

THUNDERBIRD SEED CONDITIONING, LLC,
THUNDERBIRD COMMODITIES, LLC, and
JOHN DOES 1-50,

    Defendants.

---

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants Thunderbird Seed Conditioning, LLC and Thunderbird Commodities LLC'S Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) [filed September 25, 2012; docket #21]. The Court inherited the motion upon consent of the parties pursuant to 28 U.S.C. § 636(c). (Dockets ##24, 25.) The matter is fully briefed, and the Court determines that oral argument would not materially assist its adjudication of the Motion. For the reasons described below, Defendants' Motion is **granted** but with leave for Plaintiffs to **amend** within 10 days of the date of this Order.

**BACKGROUND**

**I.    Factual Allegations**

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by the Plaintiffs in their Complaint [docket #1], which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).

Plaintiff Kansas Wheat Alliance, Inc. ("KWA") is a not-for-profit corporation that promotes research and development of wheat varieties to benefit farmers and consumers. (Docket #1 at ¶ 3.) Kansas State University Research Foundation ("KSURF"), an involuntary Plaintiff, engages in similar work. (*Id.* ¶ 4.) Over time, KSURF has developed several plant varieties protected by the Plant Variety Protection Act, 7 U.S.C. § 2121 *et seq.* ("PVPA"), including a variety known as Fuller hard red winter wheat ("the Fuller variety.") (*Id.* at ¶ 8.) On July 16, 2008, KSURF received a Plant Variety Protection Certificate ("PVP Certificate") under the seal of the Plant Variety Protection Office ("PVPO") for the Fuller variety. (*Id.*) The PVPO recorded the PVP Certificate accordingly. (*Id.*) The Fuller variety PVP Certificate has a duration of twenty (20) years from the date of issuance, meaning it will lapse on July 16, 2028. (*Id.*) KSURF granted KWA an exclusive license to make, have made, use, sell, and offer for sale the Fuller variety, as well as the right to sub-license. (*Id.*)

Plaintiffs allege that Defendants Thunderbird Seed Conditioning LLC and Thunderbird Commodities LLC (collectively the "Thunderbird Defendants") conditioned one or more of KWA's federally protected varieties for reproductive purposes without KWA's authorization. (*Id.* at ¶¶ 15-20.) Plaintiffs only authorized sales of Fuller variety wheat seed with written notice containing statutorily designated language signifying that (1) the seed was protected under the PVP; (2) unauthorized propagation or multiplication of the seed was prohibited; (3) and the use of the seed by the purchaser was authorized only for purposes of growing a commercial crop of grain. (*Id.* at ¶ 21.) Plaintiffs required such notice on all bags of wheat seed they sold and on notices accompanying all bulk sales of their wheat seed. (*Id.*) Additionally, Plaintiffs placed PVP notices on their marketing and promotional materials for their protected wheat varieties. (*Id.*)

According to Plaintiffs, the Thunderbird Defendants conditioned a substantial quantity of KWA's protected varieties for seed purposes. (*Id.* at ¶ 22.) Plaintiffs assert that each bushel of conditioned seed can be planted, harvested, and replanted to produce over four million fifty-pound bags of seed in five generations. (*Id.*) The Thunderbird Defendants' conditioning of the protected varieties lacks the rigorous production standards employed by Plaintiffs and the governmental certification required to sell the Fuller variety. (*Id.* at ¶ 23.) In addition to conditioning, the Thunderbird Defendants also dispensed KWA's protected varieties without restriction and assisted Doe Defendants in farmer-to-farmer transfers involving KWA's protected varieties. (*Id.* at ¶ 26-27.)

## II.     Procedural History

Plaintiffs initiated this action on May 7, 2012, seeking damages, injunctive relief, and attorney's fees under the PVPA. They allege that the Thunderbird Defendants, along with fifty (50) Doe Defendants, infringed on KWA's federally protected wheat varieties by conditioning the varieties for reproduction and unlawfully distributing or facilitating the distribution of the varieties for other farmers. Among other forms of injunctive relief, Plaintiffs seek to enjoin Defendants from further sale or conditioning of Plaintiffs' protected varieties and ultimately achieve complete destruction of all Fuller variety seed in Defendants' possession or control.

The Thunderbird Defendants filed an answer on June 6, 2012, and the pending Motion on September 25, 2012. (Dockets #8, 21.) Defendants argue that Plaintiffs' Complaint lacks sufficient allegations of fact to satisfy the pleading standards set forth in Fed. R. Civ. P. 8 and clarified by the Supreme Court in *Iqbal*, *supra*. In their Response, Plaintiffs ask the Court to apply the "safe harbor" provisions of Fed. R. Civ. P. 84, because Plaintiffs have followed the pleading requirements for patent cases as established in Appendix Form 18. Additionally, Plaintiffs note that pleadings of the

3

same style in other PVPA cases have not been dismissed under Fed. R. Civ. P. 12(b)(6). In the event the Court finds that the Complaint is inadequate, Plaintiffs request an opportunity to amend in order to add additional facts that would increase the plausibility of their claims. Defendants' Reply contends that the "safe harbor" provisions of Fed. R. Civ. P. 84, to the extent they exist, are not available to Plaintiffs because Appendix Form 18 applies to patent cases, which are materially distinguishable from actions under the PVPA.

## LEGAL STANDARDS

### I.   Rule 12(c)

A motion for judgment on the pleadings must be evaluated by this Court using the same standard for motions under Rule 12(b)(6), *Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011), the principal difference being a 12(c) motion is typically filed after the filing of an answer which asserts a failure to state a claim under Rule 12(b)(6).

### II.   Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

### III. Rule 8

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### ANALYSIS

Both parties agree that in the analysis in which I am to engage, I would draw on my judicial experience and common sense in determining when a complaint states a plausible claim for relief.

*Iqbal*, 556 U.S. at 679. I view this as somewhat akin to a "know it when I see it" analysis. *See Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (Stewart, J., concurring). In the current situation, using my experience and common sense, I know it is there, but on the current Complaint I do not see it. I believe one could take the Complaint and use it cookie-cutter style for every lawsuit the Plaintiffs bring. If hypothetically this Complaint was a template on a word processing system with the ability to [add field], the only allegations that might have been added are the following:

1. Defendants are named Thunderbird Seed Conditioning LLC and Thunderbird Commodities LLC.

2. The two Defendants use the same mailing address in Towner, Colorado.

3. The latter Defendant changed its name from Thunderbird Seed Conditioning LLC #2 on April 9, 2012.

4. The Defendants' registered agent is Monte L. Stum at 76475 Road J, Towner, CO 81071 or 322 Hwy. 96, Sheridan Lake, CO 81071.

5. Thunderbird (to which Plaintiffs refer the two Defendants) conditioned a "substantial quantity" of Plaintiff's federally protected wheat grain [Note: Even here, this fact might appear in all of Plaintiffs' complaints and, thus, would not be individualized to this case].

Otherwise, I cannot find another allegation of fact particularized to this case. The other allegations recite elements of the law, including elements that would entitle the Plaintiffs to an award of attorney's fees and costs under Section 2565 of the PVPA.[1]

---

[1] Plaintiffs suggest their Complaint is the equivalent of Appendix Form 18 of the Federal Rules of Civil Procedure. Form 18 is designed for patent cases. Rule 84, Fed. R. Civ. P., mandates that the forms are sufficient for pleading. I agree. *Automated Transactions, LLC v. First Niagara Financial Group, Inc.*, 10–CV–00407(A)(M), 2010 WL 5819060, *4 (W.D.N.Y. Aug. 31, 2010). However, I also observe that the Federal Rules of Civil Procedure provide a separate form (Form 19) for copyright infringement and unfair competition claims. To me, this suggests that Form 18

6

On this Complaint, I can find the *possibility* of misconduct. Without reference to a single particular act that violates the PVPA, I cannot find more than the possibility of misconduct. As Defendants imply (although argue that it is insufficient[2]), in the opposition brief and at the Scheduling Conference in this matter Plaintiffs discussed information in their possession to back up their allegations. Thus, I do not believe leave to amend would be futile. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012). Given the "discretionary policy on freely permitting leave to amend," *id.*, coupled with the record as it exists here, justice requires that Plaintiffs be given an opportunity to submit an Amended Complaint that complies with the pleading rules.

## CONCLUSION

For the reasons stated above, Defendants Thunderbird Seed Conditioning, LLC and Thunderbird Commodities LLC'S Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) [filed September 25, 2012; docket #21] is **granted**. Entry of judgment in favor of Defendants shall be **stayed** for a period of 10 days following this Order, in the event Plaintiffs choose to file an Amended Complaint, for which leave is hereby granted.

---

is not designed to cover all intellectual property claims, but is instead confined to claims for patent infringement. In light of the plain language of Form 18 and the discussion in *Automated Transactions* concerning the conflict between *Iqbal/Twombly* and Rule 84, I will not extend the safe harbor of Form 18 to the PVPA.

[2]The objections to amending the Complaint raised by Defendants at page 9 of their Reply may indeed be dispositive of Plaintiffs' right to recover but are appropriately raised in a motion for summary judgment.

Dated at Denver, Colorado, this 7th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge