IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01171-MEH

KANSAS WHEAT ALLIANCE, INC., and
KANSAS STATE UNIVERSITY RESEARCH FOUNDATION,

     Plaintiffs,

v.

THUNDERBIRD SEED CONDITIONING, LLC,
THUNDERBIRD COMMODITIES, LLC, and
JOHN DOES 1-50,

     Defendants.

---

**ORDER ON MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Defendants Thunderbird Seed Conditioning, LLC and Thunderbird Commodities LLC's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [filed March 4, 2013; docket #34]. The matter is fully briefed, and the Court determines that oral argument would not materially assist its adjudication of the Motion. For the reasons described below, Defendants' Motion is **denied**.

## BACKGROUND

### I. Factual Allegations

Although I have previously stated the factual allegations in my Order on the Motion for Judgment on the Pleadings [docket #32], I will restate them here as contained in the Amended Complaint [docket #33]. These are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff Kansas Wheat Alliance, Inc. ("KWA") is a not-for-profit corporation that promotes research and development of wheat varieties to benefit farmers and consumers. (Docket #33 at ¶¶ 3-4.) Kansas State University Research Foundation ("KSURF"), an involuntary Plaintiff, engages in similar work. (*Id.* ¶ 4.) Over time, KSURF has developed several plant varieties protected by the Plant Variety Protection Act, 7 U.S.C. § 2121 *et seq.* ("PVPA"), including a variety known as Fuller hard red winter wheat. (*Id.* at ¶¶ 8-9.) On July 16, 2008, KSURF received a Plant Variety Protection Certificate ("PVP Certificate") under the seal of the Plant Variety Protection Office ("PVPO") for the Fuller variety. (*Id.*) The PVPO recorded the PVP Certificate accordingly. (*Id.*) The Fuller variety PVP Certificate has a duration of twenty (20) years from the date of issuance, meaning it will lapse on July 16, 2028. (*Id.*) KSURF went through the same process, with the same result (receipt of a PVP Certificate), for its "Everest" variety hard red winter wheat, the certificate being issued on November 22, 2010. (*Id.* at ¶¶ 14-17.) The Fuller variety was either top ranked or second ranked in Kansas in 2010 and 2011. (*Id.* at ¶¶ 12-13.) The Everest variety has overtaken the Fuller variety as the most popular seed in Kansas, as of 2011. (*Id.* at ¶¶ 12-13, 18.) The Amended Complaint alleges similar facts, and similar popularity, for other varieties, namely Overley, Danby, and Jagger.

KSURF granted KWA an exclusive license to make, have made, use, sell, and offer for sale these varieties, as well as the right to sub-license. (*Id.* at ¶ 36.)

The Amended Complaint references statistical evidence concerning the popularity of KSURF's varieties in Kansas and Colorado, including allegations that reasonably support the proposition that its varieties are used extensively in Eastern Colorado, as well as Kansas, Texas and Oklahoma. (*Id.* ¶¶ 42-45.)

Plaintiffs allege that Defendants Thunderbird Seed Conditioning LLC and Thunderbird

Commodities LLC (collectively the "Thunderbird Defendants"), are seed conditioning businesses and, indeed, are owned by individuals who are knowledgeable regarding seed certifying standards in these states and who are leaders in the Colorado wheat growing industry. (*Id.* at ¶¶ 61-65.) They are required by the Colorado Certified Seed Directory[1] to know that farmers may not condition, for purposes of marketing, wheat seed varieties owned by another, and to do so constitutes potential infringing conduct by the farmer and the conditioner. (*Id.* at ¶¶ 91-95.) Seed conditioning is a process that seeks to render the harvested wheat to as pure a form as possible for "maximum germination potential." (*Id.* at ¶¶ 69-71.) Generally, only wheat that will be replanted, and not wheat that will be sold for consumption, is conditioned, and this includes the wheat that the Thunderbird Defendants condition. (*Id.* at ¶¶ 74, 85.) The Thunderbird Defendants advertise that they condition significant amounts of seed in Kansas, Colorado, Oklahoma, Texas, Arizona, and Nebraska. (*Id.* at ¶ 68.)

Plaintiffs contend that the Thunderbird Defendants conditioned one or more of KWA's federally protected varieties for reproductive purposes without KWA's authorization. In support of this allegation, Plaintiffs allege that the Thunderbird Defendants, on September 12, 2011, conditioned 400 bushels of the Fuller variety at the request of someone acting as an investigator for Plaintiffs who held himself out as a farmer. (*Id*. at ¶ 97.) Plaintiffs allege that the investigator revealed that his seed was Fuller variety, [*id*. at ¶ 108], and that the investigator had obtained it in a farmer-to-farmer sale and would replant it in his fields [*id*. at ¶¶ 110-11], which is not permitted under the PVPA. Plaintiffs allege that in this transaction, the Thunderbird Defendants did not follow the recommended protocol of the Colorado Certified Seed Directory and required no paperwork that would record knowledge of and compliance with the PVPA. (*Id*. at ¶¶ 99, 117.) At the time,

---

[1] Plaintiffs do not do a commendable job in defining what this entity is.

Plaintiffs only authorized sales of its Fuller variety wheat seed with written notice containing statutorily designated language signifying that (1) the seed was protected under the PVPA; (2) unauthorized propagation or multiplication of the seed was prohibited; (3) and the use of the seed by the purchaser was authorized only for purposes of growing a commercial crop of grain. (*Id*. at ¶ 181.) Plaintiffs required such notice on all bags of wheat seed they sold and on notices accompanying all bulk sales of their wheat seed. (*Id*. at ¶ 182.) Additionally, Plaintiffs placed PVP notices on their marketing and promotional materials for their protected wheat varieties. (*Id*. at ¶ 183.)

Plaintiffs allege that the John Doe Defendants are farmers for whom the Thunderbird Defendants engaged in the same sort of transactions as the Plaintiffs' investigator. Plaintiffs allege a conversation between an investigator and a Thunderbird employee who described conditioning that the company was performing in Eastern Colorado, in a region in which a substantial volume of Plaintiffs' protected varieties are planted. (*Id*. at ¶¶ 119-150.) This conversation and others that the investigator had with Defendants' employee establish the latter's knowledge and understanding that he was conditioning seed for the John Doe Defendants for purposes of the farmers re-selling the seed, despite the fact that the farmers did not have the legal right to do so. (*Id*. at ¶ 139.)

## LEGAL STANDARDS

### I.    Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong

analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

**II.   Rule 8**

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer

more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## ANALYSIS

Although not a model of clarity, organization or even proof-reading, the Amended Complaint passes *Iqbal* and *Twombly* muster. The Amended Complaint is not truly short and plain, but I do not believe overkill and duplication should doom it. It does allege and support factually that the Plaintiffs own the Fuller and other varieties of wheat; federal law prohibits conditioning such protected varieties for purposes of resale; and Defendants knowingly conditioned protected seed that they knew would be sold to others in violation of federal law. Plaintiffs provide direct evidence of such violation with their investigator's transaction with Defendants' employee. Defendants contend that since the investigator was Plaintiffs' agent, and federal law allows an owner of the seed variety to authorize its conditioning, Defendants cannot, as a matter of law, be held liable for that transaction. I do not necessarily disagree, but I view this as evidence that the Thunderbird Defendants acted consistently in other transactions that can serve as the basis for a violation of the law.

Next, the Thunderbird Defendants contend that Plaintiffs insufficiently allege that any conditioning was for an unlawful purpose or that the reconditioned seed was ever actually sold illegally. I disagree. Plaintiffs allege facts that the amount of conditioning conducted by the Thunderbird Defendants was so large that there was no other practical use for the conditioned wheat other than illegal resale.

Finally, the Thunderbird Defendants argue that the Amended Complaint does not adequately allege that they conditioned *Plaintiffs'* protected varieties. Again, I disagree. I believe it can be appropriate to use information such as market share and statistical likelihood to establish a plausible

claim of the violation of the law. *E.g.*, *In re Countrywide Fin. Corp. Mtg.-Backed Sec. Lit.*, No. 2:11-ML-02265-MRP, 2013 WL 1189311 at *7 (C.D. Cal. Mar. 15, 2013); *Tigrett v. Cooper*, 855 F. Supp.2d 733, 763 (W.D. Tenn. 2012). Plaintiffs allege facts that I can reasonably read to believe that Plaintiffs' protected varieties are in sufficiently widespread use in the areas in which the Thunderbird Defendants conditioned seed, and the Thunderbird Defendants conditioned such large amounts of seed in such areas, that it is inevitable that some of Plaintiffs' varieties were conditioned.

The Thunderbird Defendants also assert arguments on behalf of the John Doe Defendants, but I do not see how they have standing to do so.

## **CONCLUSION**

For the reasons stated above, Defendants Thunderbird Seed Conditioning, LLC and Thunderbird Commodities LLC'S Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [filed March 14, 2013; docket #34] is **denied**.

Dated at Denver, Colorado, this 15th of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge