IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01171-MEH

KANSAS WHEAT ALLIANCE, INC., and
KANSAS STATE UNIVERSITY RESEARCH FOUNDATION,

 Plaintiffs,

v.

THUNDERBIRD SEED CONDITIONING, LLC,
THUNDERBIRD COMMODITIES, LLC, and
JOHN DOES 1-50,

 Defendants.

## STIPULATED PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

 Plaintiffs Kansas Wheat Alliance, Inc. and Kansas State University Research Foundation (hereinafter "Plaintiffs"), and Defendants Thunderbird Seed Conditioning, LLC and Thunderbird Commodities LLC (hereinafter "Defendants") (collectively, the "Parties"), through their respective counsel, hereby submit the following Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and request that it be entered as an Order of the Court:

WHEREAS, the Parties possess information and material which is not in the public domain and is confidential, proprietary, and/or financial information not subject to disclosure;

WHEREAS, information and documents which may be sought in discovery and which may be exchanged between the Parties may include or incorporate such confidential, proprietary, and/or financial information;

WHEREAS, the purpose of this Stipulated Protective Order is to facilitate the exchange of such documentation with the consent of the parties while protecting the confidentiality of such

information;

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances;

NOW, THEREFORE, it is hereby ORDERED that:

1. Any document which contains confidential, proprietary, and/or financial information may be designated "Confidential" by stamping the term "Confidential" clearly and conspicuously on the face of each document containing such information. For a multi-page document, each page containing confidential information shall be stamped separately. For the purposes of this Protective Order, "document" shall mean every writing, graphic material, and record of every kind irrespective of the medium on which such material is contained, including, but not limited to, written or electronic correspondence, memoranda, audio tapes, video tapes, electronic or computerized data, stenographic or hand written notes, publications, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2. All documents and information designated "Confidential" shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided herein.

3. Documents marked or treated as "Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

(a)     Parties, including an officer, director, manager, or in-house counsel of a Party;

(b)     counsel of record for the Parties, together with other attorneys at the firm(s) of counsel of

record, or an employee of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(c) other employees of a Party for the purpose of working directly on the litigation at the request or at the direction of counsel;

(d) third party consultants and independent experts to whom it is necessary that the material be shown for purpose of assisting counsel in this litigation;

(e) any witness or deponent in any deposition, hearing, or at trial in this litigation;

(f) any court reporter or videographer employed or retained by a party for purposes of transcribing and/or recording a deposition or inspection of premises; and

(g) the Court and its personnel.

Information designated as "Confidential" may not be given, shown, made available to, or communicated to any person other than those identified above without prior leave of Court or prior written consent of the Party producing such confidential information.

4. Any Party or nonparty wishing to come within the provisions of this Protective Order shall designate the documents, materials, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" in accordance with Paragraph 1 hereof.

5. For deposition testimony, the witness or counsel shall invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential," or by designating the deposition transcript or portions thereof as "Confidential."  No person shall be present during portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such information under the terms of this Protective Order.

6.      If a Party desires to give, show, make available, or communicate the contents of any document marked "Confidential" to any person who is not specially authorized to have access to such documents pursuant to Paragraph 3, the requesting Party shall disclose to the other Parties the identity of the person to whom disclosure of the document is sought.  The Parties shall then have ten (10) days to negotiate the terms of disclosure to said person, and, if no agreement can be reached, the requesting Party may apply to the Court on notice within fourteen (14) days thereafter for court authorization to make such disclosure.  If the Court permits such disclosure, said person may have access to such "Confidential" information as is ordered by the Court, but only after first having read and agreeing, in writing, to be bound by the terms of this Protective Order.  During the pendency of the motion, or if the motion is denied, the Party seeking disclosure will remain bound by the Protective Order and agrees not to share "Confidential" information with said person to the extent it is prohibited by this Protective Order.

7.      Documents, materials, information, interrogatory answers, and depositions stamped "Confidential" when filed with pleadings or offered as evidence at any hearing or trial, shall be delivered sealed to the Clerk of the Court.

8.      A Party may object to the designation of particular "Confidential" information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to

file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

9. The recipients of any item of information or document marked or designated as "Confidential" will not use such information other than as is necessary to prosecute and/or defend the claims asserted in this litigation, and will not disclose or discuss such information, in any manner or form, written or oral, to or with any person other than to persons entitled to access such information under Paragraph 3 above, unless and until the restrictions herein are modified to allow such disclosure either by agreement of the Parties or by Order of this Court.  However, nothing in this paragraph shall be construed as restricting or prohibiting a Party's ability to conduct reasonable investigation and discovery into the claims and defenses of all parties to the suit, including without limitation the right to make contact with third parties whose identities may be revealed in documents designated "Confidential," and to discuss and explore with such third parties their knowledge and information surrounding transactions reflected on "Confidential" documents.

10. Nothing in this Protective Order limits or precludes a Party to the Protective Order from applying to the Court for relief from this Protective Order, or for such further or additional confidentiality orders as the Court may deem appropriate, upon notice to all Parties.

11. Counsel for the Parties to this Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of designated "Confidential" documents, materials, and information.

12. The provisions of this Protective Order shall apply to any "Confidential" or documents,

materials, and information so designated by any Party to this Protective Order before entry of this Protective Order.

13.     Nothing in this Protective Order shall prevent a Party from using "Confidential" documents, materials, and information at trial, during a hearing, or the like.  Provided however, at least five court days prior to offering "Confidential" information into evidence at trial or at any hearing in open court, the submitting Party shall give notice to all other Parties, which notice shall identify with particularity the information the submitting Party intends to offer into evidence.  Any affected Party, non-party, designating party, or owner of the "Confidential" information may then apply for an order that such evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure.  A Party may use "Confidential" information solely for the purposes of impeachment without providing such notice, however.

14.     If any non-party shall be called upon by subpoena or otherwise, to provide or produce documents or information considered "Confidential" by such non-party, such non-party may elect to be bound by the terms of this Protective Order by notifying counsel for all parties in writing. Upon service of such notice, such non-party may designate documents and information as "Confidential" information in the manner set forth in this Protective Order, and such non-party's "Confidential" information shall be treated in the same manner as the "Confidential" information of a Party to this Protective Order, including being subject to challenge under Paragraph 8 above.

15.     Upon termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of designated "Confidential" documents, materials, and information shall, upon request, be returned to the Party who produced such documents, materials, and information, or may be disposed of in some other manner that is mutually agreeable among the Parties.  Notwithstanding this provision, counsel of record for each Party may

retain archive copies of pleadings, motion papers, and written discovery responses that include Confidential information.

16.     This Protective Order will remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.  The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation of maintaining the confidentiality of all documents, materials, and information designated as "Confidential" which are received pursuant to this Stipulated Amended Protective Order.

Dated and entered at Denver, Colorado, this 22nd day of May, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

APPROVED AS TO FORM:

| | |
|---|---|
| *s/ Mark Murphey Henry* | *s/Raul Chacon, Jr.* |
| Mark Murphey Henry | Dana L. Eismeier |
| Adam L. Hopkins | Raul Chacon, Jr. |
| Henry Law Firm | BURNS, FIGA & WILL, P.C. |
| P.O. Box 8850 | 6400 S. Fiddler's Green Circle, Suite 1000 |
| Fayetteville, AR  72703 | Greenwood Village, CO  80111 |
| Tel: 479.695.1330 | Tel: 303.796.2626 |
| Fax: 479.695.1332 | Fax: 303.795.2777 |
| mark@henrylawfirm.net | deismeier@bfwlaw.com |
| adam@henrylawfirm.net | rchacon@bfw-law.com |
| | |
| *Counsel for Plaintiffs Kansas Wheat Alliance, Inc. and Kansas State University Research Foundation* | *Attorneys for Defendants Thunderbird Seed Conditioning, LLC, And Thunderbird Commodities LLC* |

Darin J. Lang
Hall & Evans LLC
1125 Seventeenth Street, Suite 600
Denver, CO  80202
Tel:  303.628.3300
Fax: 303-628-3368
langd@hallevans.com

*Counsel for Plaintiffs Kansas Wheat Alliance, Inc. and Kansas State University Research Foundation*